IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT HUMPHRIES, et al.<br><br>    Plaintiffs, on behalf of themselves<br>    and all similarly situated individuals,<br><br>v.<br><br>ELITE FORCE STAFFING, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 3:15-cv-00112<br>)<br>)<br>)<br>)<br>)<br>) |

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND
MOTION TO STRIKE DEFENDANT'S RULE 68 OFFER OF JUDGMENT

COME NOW Plaintiffs Robert Humphries, *et al.* and hereby move this Court to strike or otherwise invalidate the Defendant Elite Force Staffing, Inc.'s Rule 68 Offer of Judgment. An invalid Offer of Judgment cannot provide the basis for depriving this Court of subject matter jurisdiction over this case.

**I.     BACKGROUND**

The Plaintiffs worked on various dates at different worksites for the Defendants, a temporary construction staffing agency. Elite Force Staffing, Inc., engaged in a "split pay" scheme by which overtime rates were based on only approximately half the wages paid. The Plaintiffs filed their Complaint on February 27, 2015, seeking unpaid overtime wages for themselves and for similarly situated individuals. (Docket Entry Number 1) The Defendants filed their Answer on April 8, 2015. (Docket Entry Number 7). On May 13, 2015, defendant Elite Staffing, Inc., submitted an Offer of Judgment, which Plaintiffs rejected on May 26, 2015. (Exhibit A). Defendants then filed a Rule 12(b)(1) Motion to Dismiss Plaintiffs' Complaint for

1

lack of subject matter jurisdiction, alleging that Plaintiffs' claims were mooted by the Rule 68 Offer of Judgment. (Docket Entry Number 19).

**II.    ARGUMENT**

Where a Defendant's challenge to subject matter jurisdiction is premised on allegations that Plaintiffs' claims have been mooted by an unaccepted Offer of Judgment, the issue turns on whether the Defendant's Rule 68 offer was an unequivocal and complete offer of relief. See *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012). [W]here a Plaintiff makes an unspecified demand for actual damages, it is not possible to ascertain (certainly not on a facial challenge to jurisdiction) whether an offer is complete for Rule 68 purposes. *Milbourne v. JRK Residential Am, LLC*, U.S. Dist. LEXIS 47865, at *8 (E.D. Va., Apr 7, 2014) (citing *Warren*, 676 F 3d at n.4). Plaintiffs' prayer for relief contains no specific dollar amount and constitutes the "unspecified demand for actual damages" described by this Court in *Milbourne* and by the Fourth Circuit Court of Appeals in *Warren.*

   1.     Plaintiffs' prayer for relief asks the Court to "[a]ward Plaintiffs and all similarly situated individuals: unpaid overtime wages and an equal amount as liquidated damages…" without mentioning any specific amount. Every dollar amount listed in the Complaint is preceded by the word "approximately." In the Complaint, all three named Plaintiffs assert that their start and end dates were approximate, that their amount of overtime was approximate, and that their estimate of amounts owed for unpaid wages is approximate. The Plaintiffs do not have access to their time records or their pay records. Pursuant to 29 CFR Part 516, the employer is required to maintain records of hours worked each day, total hours worked each workweek, time and day of week when the workweek begins, basis on which wages are paid, total overtime earnings, and total

2

wages paid each pay period.  Through the discovery process, Plaintiffs will be able to obtain the information required to determine what they are actually owed. Without these records, the Offer of Judgment is invalid because there is no way for Plaintiffs to know whether or not they are receiving full relief.

   As the Complaint states, "The exact amount of hours worked by and wages owed to Plaintiffs and similarly situated individuals will only be known through discovery." ¶20. No discovery has taken place, and there is no evidentiary basis for the Court to hold that Plaintiffs could not possibly recover more than the $1,360 in damages offered by the Defendant. See *Warren* at 371-372. The Offer of Judgment presumes 96 hours of unpaid overtime for Plaintiff O'Hara, 12.5 hours of unpaid overtime for Plaintiff Liu, and 12.5 hours of unpaid overtime for Plaintiff Humphries.  The damages offers represent $5 to $6 dollars more than the amount estimated plus liquidated damages, whereas records may reveal that more is owed if additional hours, days or weeks are uncovered in discovery.

    The question of mootness turns on whether the Defendant's offer of judgment provides all that they could have hoped to obtain, in other words, complete relief. *Amrhein, et al. v. Regency Management Services.* D. Md, March 20, 2014, Civil No. SKG-13-1114.  Absent a specific demand or quantified damage calculation in response to a discovery request, the court cannot be certain that the plaintiffs could not possibly recover more than offered*. Id.* At 18*; Mould v. NJG Food Services, Inc.*, No. JKB-13-1305, 2013 WL 6331286 at 12 (D. Md. Dec. 4, 2013).  "[A]t this stage in the proceedings, particularly before any formal discovery has taken place or the parties have agreed upon the scope of Plaintiffs' alleged damages, the Court simply cannot hold that

the …Plaintiffs… could not possibly recover more than Defendants' Rule 68 offers." *Amrhein* at 19.

In *Warren, supra*, the Court of Appeals for the Fourth Circuit stated that if the Plaintiff had made a specific demand for actual damages and the Defendants had offered that amount or more, the offer of judgment would have mooted the action. Further, if the Plaintiff had quantified her alleged damages in response to a discovery request and the Defendants had offered that amount, her case would be moot. *Id*. At 9. However, the Court found that the case was not moot because "at this stage of the proceedings, before any evidentiary hearing or judicial fact finding in the district court, we simply cannot hold that Warren could not possibly recover more than $250 if her case proceeded to a jury trial." 676 F. 3d 365, 375 (2012).

Because the Plaintiffs in this action have stated in the Complaint that they do not know the precise amount of damages they are alleging, it is not possible for the Court to find, at this early stage in the proceedings, that the Defendants have offered more than the Plaintiffs could possibly recover.

2.   The Defendant's Offer of Judgment is invalid because it is not unequivocal. It contains extraneous demands that Plaintiffs consent to certain legal ramifications of the judgment which the Plaintiffs do not have standing to address. Plaintiffs do not have standing to address the preclusive effects of the judgment, nor its admissibility into evidence "in any lawsuit, arbitration, administrative proceeding, government action or other proceeding." Plaintiffs can neither bind the government nor the Courts in rulings regarding admissibility. This verbiage is extraneous and renders the

4

Offer of Judgment invalid.    A conditional offer is not a valid Rule 68 Offer of Judgment.  *Simmons v. United Mortgage & Loan, LLC,* 634 F.3d 754 (4th Cir. 2011).

   3. Defendants' Memorandum in Support of their Motion states that "Defendants have offered to have judgment entered against them and in Plaintiffs' favor." However, by its language the offer is limited to an entry of judgment against the corporate defendant alone. Plaintiffs brought this action against both the corporate entity and the individual owner because the Fair Labor Standards Act provides for individual liability. 29 U.S.C. §201. With only the corporate entity bound by the judgment, the case cannot become moot because there remain issues of enforceability and collectability.

   4. The Defendant's Offer of Judgment is also invalid because it contains the threat that if Plaintiffs do not accept the offer, and do not obtain a more favorable judgment, "Plaintiffs shall be obligated to pay all costs incurred by Defendant after service of this offer, including Defendant attorneys' fees and costs." While it is true that Plaintiffs risk liability for costs, they cannot be held liable for Defendants' attorneys' fees. *Fegley v. Higgins,* 19 F.3d 1126 (6th Circuit, 1994). This false statement injects an element of coercion that invalidates the Offer of Judgment.

There remains a live dispute between the parties and therefore the case is not moot. This case is distinguishable from *Genesis Healthcare Corp. et al. v. Symczyk*, 133 S Ct. 1523 (2013) because the Plaintiff in *Genesis* did not dispute the fact her personal claim was "moot." In the instant case, Plaintiffs have approximated the amount of unpaid wages they are owed, but cannot determine whether the Defendant is offering full and complete relief absent discovery.

For the foregoing reasons, Plaintiffs respectfully request that the Court strike the Defendant's Offer of Judgment.

### III. CONCLUSION

Wherefore, Plaintiffs request that this Court strike Defendants' Offer of Judgment and deny Defendants' Motion to Dismiss.

        Respectfully Submitted

        **ROBERT HUMPHRIES and**
        **JEFFREY LIU**
        By Counsel

ASHCRAFT & GEREL, LLP

_____/s/_____

Virginia R. Diamond, VSB #20992
Ashcraft & Gerel, LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
703-931-5500
703-820-0630 (facsimile)
Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 4, 2015, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

>Brian A. Richardson, Esquire (VSB No.: 68582)
>McCandlish Holton
>1111 East Main Street, Suite 1500
>P.O. Box 796
>Richmond, VA 23218
>Telephone:  (804) 775-3100
>Facsimile:  (804) 775-3800
>brichardson@lawmh.com
>
>Jimmy F. Robinson, Jr.
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>Riverfront Plaza – West Tower
>901 East Byrd Street, Suite 1300
>Richmond, Virginia  23219
>Telephone:  (804) 663-2336
>Facsimile:  (804) 225-8641
>Jimmy.robinson@ogletreedeakins.com
>Counsel for Defendants

                                        _____/s/_____
                                        Virginia R. Diamond