# ASHCRAFT & GEREL, LLP
ATTORNEYS AND COUNSELLORS AT LAW
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS*

SUITE 650
4900 SEMINARY ROAD
ALEXANDRIA, VIRGINIA 22311

(703) 931-5500
FAX (703) 820-0630

**DISTRICT OF COLUMBIA**
ALLEN J. LOWE
CHRISTOPHER V. TISI
REBEKAH R. MILLER
JERRY D. SPITZ
BENJAMIN E. DOUGLAS

**MARYLAND**
ROBERT G. SAMET
DAVID M. LaCIVITA
WILLIAM F. MULRONEY
ROBERT P. ENDERLE
JONATHAN S. BEISER
DAVID M. LAYTON
ROBERT A. FLACK
ALAN J. MENSH
SAMUEL G. LYNN
NATHAN M. PEAK
MICHAEL C. LIND
STEPHEN M. GENSEMER
JAMIE M. BENNETT
SARA E. ANDERSON
ELIZABETH A. SHURA

**VIRGINIA**
LAWRENCE J. PASCAL
WAYNE M. MANSULLA
JAMES F. GREEN
MICHELLE A. PARFITT
CRAIG A. BROWN
SIDNEY SCHUPAK
DAVID L. BAYNE, JR.
DAVID B. VERMONT
JOSEPH T. MUSSO
PAULINE I. KHAMO
PETER T. ANDERSON

**OF COUNSEL**
SUSAN C. MINKIN
L. PALMER FORET
VIRGINIA R. DIAMOND

LEE C. ASHCRAFT
1908-1993
MARTIN E. GEREL
1918-2011

ROCKVILLE, MD 20852
SUITE 1002
11300 ROCKVILLE PIKE
(301) 770-3737

WASHINGTON, DC 20036
SUITE 400
2000 L STREET, N.W.
(202) 783-6400

LANDOVER, MD 20785
SUITE 301
4301 GARDEN CITY DRIVE
(301) 459-8400

BALTIMORE, MD 21202
SUITE 1212
10 EAST BALTIMORE STREET
(410) 539-1122

May 26, 2015

Jimmy F. Robinson, Jr.
Ogletree, Deakins, Nash, Smoak & Stewart, PC
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219

     Re: *Humphries et al. v. Elite Force Staffing and Steven W. Worrell*

Dear Mr. Robinson:

This is in reply to the document which you emailed to me on May 13, 2015 entitled "Offer of Judgment." After careful consideration, my clients have decided to decline this offer.

My clients do not know the exact amount that is owed to them by Elite Force Staffing and Mr. Worrell as a result of the company's "split pay," "tax/non-tax" scheme. As was stated in the Complaint, "The exact amount of hours worked by and wages owed to Plaintiffs and similarly situated individuals will only be known through discovery." ¶20. As the Complaint states repeatedly in paragraphs 30, 31, 33, 34, 37, 39, 41, and 43, the figures in the Complaint are a rough approximation. Our clients do not have access to the time sheets used to track their hours, or to the time and pay records maintained by Elite Force Staffing and/or any joint employers. It is the employer's responsibility under the Fair Labor Standards Act to maintain these records, and my clients can only determine the precise amount owed through the discovery process. Without access to those records and knowledge of the full amount they are due under the law, the Plaintiffs are unable to determine whether their claims are satisfied by this offer.

There are two defendants in this case. The offer is brought only on behalf of one of the defendants, the corporation, and not on behalf of Mr. Worrell. The document states "COMES NOW Defendant, Elite Staffing, by counsel…" With only one defendant bound by the offer, the question arises of collectability and enforceability of any judgment.



PLAINTIFF'S EXHIBIT A

The Plaintiffs also object to the conditional language in the offer. The offer demands among other things that the Plaintiffs concede that this offer will be non-admissible in any future proceeding. The Plaintiffs have no standing to agree to this. For example, there may be proceedings with respect to tax fraud, in which case the IRS may seek to admit the offer as evidence. The Plaintiffs cannot bind the IRS or any other party in this manner. This demand is analogous to an impermissible confidentiality demand.

Further, the offer contains threats that have no basis in law. The offer states that failure to accept the offer can obligate the Plaintiffs to pay the Defendants' attorneys' fees. This is entirely false. Plaintiffs' potential liability extends to Defense costs. The threat that Plaintiffs would be liable for the legal fees of the seven counsel who have so far entered appearance in this matter is coercive.

Prior to your submission of this offer we were engaged in settlement discussions. I would suggest that it would be useful to resume those discussions in the hopes that we could reach a speedy settlement of this matter.

Sincerely,

*Virginia Diamond*

Virginia R. Diamond
Counsel for Plaintiffs