# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| ROBERT HUMPHRIES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 3:15-cv-00112 |
| ELITE FORCE STAFFING, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' RULE 68 OFFER OF JUDGMENT

Defendants Elite Force Staffing, Inc. and Steven W. Worrell (hereinafter collectively "Defendants"), by undersigned counsel, respectfully submit this memorandum in opposition to Plaintiffs' Motion to Strike Defendants' Rule 68 Offer of Judgment [Doc. No. 24] (hereinafter the "Motion to Strike").

### I. RELEVANT PROCEDURAL BACKGROUND

On May 13, 2015, Defendants extended to Plaintiffs an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure (hereinafter the "Offer of Judgment"). Defendants offered Plaintiffs more relief than Plaintiffs identified in their Complaint, plus liquidated damages, costs and reasonable attorney's fees. Plaintiffs rejected the Offer of Judgment on May 26, 2015. On May 28, 2015, Defendants filed a Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction on the grounds that the Offer of Judgment mooted Plaintiffs' claims. On June 4, 2015, Plaintiffs filed identical motions to oppose Defendants' Motion to Dismiss and to strike Defendants' Offer of Judgment.

The Court should deny Plaintiffs' Motion to Strike because Defendants' Rule 68 Offer of Judgment is not a pleading subject to a motion to strike under Rule 12(f). Further, the Offer of Judgment was neither conditional nor coercive, and fully complied with the Federal Rules of Civil Procedure.

## II.　STANDARD OF REVIEW

Plaintiffs fail to cite any applicable standard of review in their Memorandum in Support of their Motion to Strike, but courts consider such motions under Federal Rule of Civil Procedure 12(f). In pertinent part, Rule 12(f) states that "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12. As such, Rule 12(f) only permits a court to strike pleadings or matters therein. *Structural Concrete Products, LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007).

## III.　ARGUMENT

### A.　The Court Cannot Strike the Offer of Judgment Pursuant to Rule 12(f).

Plaintiffs' Motion to Strike is misplaced because an Offer of Judgment is not a pleading that the Court may strike under Rule 12(f). An offer of judgment is not filed with the Court until accepted or until offered to prove costs. *See* Fed. R. Civ. P. 68(b) ("Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs."); *see also Buechler v. Keyco, Inc.*, No. 09-2948, 2010 WL 1664226, at *3 (D. Md. Apr. 22, 2010) (restating Rule 68(b) and noting that "an unaccepted offer [of judgment] may not be filed with the Court until that proceeding"). Indeed, courts in the Fourth Circuit faced with motions to strike offers of judgment have consistently held that there is "nothing to strike" until a defendant attempts to use a plaintiff's rejection of an offer of judgment to collect litigation costs. *See Buechler*, 2010 WL

1664226 *3 (denying motion to strike offer of judgment and declaring that "the question whether the rejection of a Rule 68 offer warrants imposition of costs is not ripe until a request for costs is made; quoting *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y. 2003) for rule that "[t]here is nothing to strike here, as an offer of judgment is not filed with the court until accepted or until offered by a defeated party to prove costs."); *Stovall v. SunTrust Mortgage, Inc.*, No. 10-2836, 2011 WL 4402680, at *5 (D. Md. Sept. 20, 2011) (denying plaintiff's motion to strike offer of judgment because where defendant had not yet filed an unaccepted offer of judgment in a proceeding to determine costs, there was "nothing to strike."); *see also Mey v. Monitronics Intern., Inc.*, No. 5:11cv90, 2012 WL 983766, at *5 (N.D. W.Va. Mar. 22, 2012) (citing *Buechler*, *McDowall*, and *Stovall* for proposition that "until a defendant files a notice of the refused offer of judgment and demands costs, there is 'nothing to strike'"). Accordingly, because Defendants' Rule 68 Offer of Judgment is not a pleading properly before the Court, there is nothing to strike and Plaintiffs' Motion to Strike should be denied.

**B.    Defendants' Offer of Judgment Is Valid.**

Even if Plaintiffs' Motion to Strike the Offer of Judgment was somehow proper and seeking appropriate or feasible relief (which it is not), the Motion to Strike should be denied because the Offer of Judgment is valid and complies with the applicable Federal Rules.

First, nothing in Rule 68 prohibits the use of offers of judgments in FLSA cases. See Fed. R. Civ. P. 68 ("a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms"). Defendants' Offer of Judgment represents a good-faith effort to resolve the dispute between the parties as efficiently and expeditiously as possible. Defendants hope to reduce the attorneys' fees and other costs associated with extended litigation, which will likely exceed the cost of providing Plaintiffs all the relief they demand. Such an offer

comports with the plain purpose of Rule 68, and denying Defendants' right to make such an offer would be prejudicial to Defendants. *Mackenzie v. Kindred Hospitals E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting in the context of a pre-certification offer of judgment in an FLSA case that "[i]t was plainly economically reasonable for the defendant to offer to pay the plaintiff's claim in full in order to avoid attorneys' fees that could substantially exceed the amount paid. Indeed, it would seem unfair if the defendant were precluded from taking that action, especially since such a payment would have no effect on any other person's claim.").

Second, Plaintiffs seem to argue that Defendants' Offer of Judgment is invalid because it did not concede to the entry of a judgment against both named defendants. However, such a stipulation is well within the confines of a valid offer of judgment. The text of Rule 68 does not require Defendants to concede to a judgment against both parties to qualify as a complete, unequivocal offer. See Fed. R. Civ. P. 68 ("*a party* defending against a claim may serve on an opposing party an offer *to allow judgment on specified terms*") (emphasis added). Indeed, the terms of a valid offer of judgment "need not include taking judgment against each defendant." *Stanczyk v. City of New York*, 752 F.3d 273, 283 (2d Cir. 2014) (holding that an offer of judgment that conceded to entry of judgment against the City, but not the individual police officers, was complete because it unambiguously sought to resolve the claims against all defendants and was "capable of comparison to the judgment").

Moreover, contrary to Plaintiffs' suggestion, Defendants' Offer of Judgment does not contain extraneous or coercive demands that render it conditional and invalid. The language addressing the preclusive effect of the offer and its future admissibility placed no conditions upon Plaintiffs' acceptance of the offer, but rather clarified the effect of the offer on other, future proceedings. The terms did not require Plaintiffs to take or refrain from any action. Again, Rule

4

68 allows a party to offer judgment "on specified terms," and the terms in the Offer of Judgment here do not create any doubt as to the relief offered to Plaintiffs. *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011) (noting that an offer of judgment must be unconditional only to the extent that plaintiff "know[s] unequivocally what is being offered").

Finally, Plaintiffs cite no case law in support of their Motion to Strike. Instead, they simply repeat their arguments opposing Defendants' Motion to Dismiss. However, even if the Court denies Defendants' Motion to Dismiss, it need not also strike the Offer of Judgment. To further the goal of encouraging settlement, Rule 68 provides that if a plaintiff declines an offer of judgment, and the judgment that the plaintiff ultimately obtains is not more favorable than the unaccepted offer, the plaintiff must pay the costs incurred after the offer was made. Fed. R. Civ. P. 68(d). Here, Plaintiffs refused Defendants' valid Offer of Judgment. Plaintiffs attempt to escape the potential repercussions of their refusal by asking this Court to strike the Offer of Judgment altogether, but they provide no support for such an extreme action. As such, pursuant to Fourth Circuit precedent and the cost-shifting provision of Rule 68, Plaintiffs' Motion to Strike should be denied.

**IV.     CONCLUSION**

For the reasons set forth above, Defendants Elite Force Staffing, Inc. and Steven W. Worrell respectfully request that this Court deny Plaintiffs' Motion to Strike Defendants' Offer of Judgment.

Dated: <u>June 16, 2015</u>

Respectfully Submitted,

**ELITE FORCE STAFFING, INC. &
STEVE W. WORRELL**

By:   */s/  Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr.
Virginia State Bar Number 43622
Jimmy.robinson@ogletreedeakins.com
Nancy S. Lester
Virginia State Bar Number 77283
Nancy.lester@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1300
Richmond, VA 23219
(804) 663-2336 Telephone
(804) 225-8641 Facsimile

Brian A. Richardson
Virginia State Bar Number 68582
brichardson@lawmh.com
MCCANDLISH HOLTON, PC
1111 East Main Street, Suite 1500
P.O. Box 796
Richmond, VA 23218
(804) 775-3100 Telephone
(804) 775-3800 Facsimile

*Counsel for the Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2015, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs:

> Virginia R. Diamond, Esquire
> Virginia State Bar Number 20992
> vdiamond@ashcraftlaw.com
> ASHCRAFT & GEREL, LLP
> 4900 Seminary Road, Suite 650
> Alexandria, VA 22311
> (703) 931-5500 Telephone
> (703) 820-0630 Facsimile
>
> *Counsel for the Plaintiffs*
>
>    */s/    Jimmy F. Robinson, Jr.*
> Jimmy F. Robinson, Jr.
> Virginia State Bar Number 43622
> Jimmy.robinson@ogletreedeakins.com
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> Riverfront Plaza - West Tower
> 901 East Byrd Street, Suite 1300
> Richmond, VA 23219
> (804) 663-2336 Telephone
> (804) 225-8641 Facsimile
>
> *Counsel for the Defendants*