# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| ROBERT HUMPHRIES, et al. ) | |
| ) | |
|    Plaintiffs, on behalf of themselves ) | |
|    and all similarly situated individuals, ) | |
| ) | Civil Action No. 3:15-cv-00112 |
| v. ) | |
| ) | |
| ELITE FORCE STAFFING, INC., et al. ) | |
| ) | |
|    Defendants. ) | |
| _____ ) | |

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
### THEIR MOTION TO STRIKE DEFENDANT'S RULE 68 OFFER

Plaintiffs Robert Humphries, Jeffrey Liu, and Kevin O'Hara (collectively, "Plaintiffs"), by undersigned counsel, respectfully submit this Reply Memorandum in support of their Motion to Strike Defendant's Rule 68 Offer (hereinafter "Motion to Strike").

## I.    BACKGROUND

On May 13, 2015, Defendants extended to Plaintiffs an "offer of judgment" (hereinafter "Offer of Judgment" or "Offer"), offering to have judgment entered against the corporate defendant in an amount based on the damages estimates in Plaintiffs' Complaint. Plaintiffs rejected this Offer on May 26, 2015. On May 28, 2015, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, arguing that the Offer of Judgment mooted Plaintiffs' claims. On June 4, 2015, Plaintiffs filed a response to the Motion to Dismiss, and a motion to strike Defendants' purported Offer of Judgment. On June 16, 2015, Defendants' filed a memorandum in opposition to Plaintiffs' Motion to Strike.

## II. STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

## III. ARGUMENT

In their Memorandum in Opposition to Plaintiffs' Motion to Strike Defendants' Rule 68 Offer of Judgment (Docket No. 26), Defendants argue that the Court may not strike the Offer of Judgment because it is not a pleading. While the Offer of Judgment is not a "pleading" as narrowly defined, courts have granted Motions to Strike documents from the record that are not pleadings. See e.g., *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 474 F. Supp. 2d 75, 79 (D.D.C. 2007) (striking an expert witness report pursuant to 12(f)); *McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D. Md. 1977) (noting Affidavits may be struck under 12(f) "because the Federal Rules provide no other means to contest their sufficiency."). A "[M]otion to Strike materials that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proferred material] may properly be relied upon.'" *Delaware Farms Co. v. California Table Grape Commission*, 623 F. Supp. 2d 1144 (E.D. Cal. 2009), (quoting *United States v. Crisp*, 190 F.R.D. 546, 551 (E.D. Cal. 1999)).

The Offer of Judgment is the entire basis of Defendants' pending motion for dismissal; a copy of it has been placed on the record as an exhibit thereto. Because the legality and validity of Defendants' Offer of Judgment is central to resolving the disputes that are before the Court now, it is ripe for adjudication in the Constitutional sense. And because Defendants' ungrounded threats regarding attorneys' fees in the Offer have the potential to improperly and unjustly influence settlement negotiations and strategy for the remainder of this litigation, it is an

appropriate exercise of the Court's discretion to rule on the issue now, rather than waiting for a possible proceeding for costs later. *Lamberson v. Fin. Crimes Servs., LLC*, No. 11-98 (RHK/JJG), 2011 WL 1990450, at *4 (D. Minn. Apr. 13, 2011) ("Because there are currently meaningful legal disputes regarding the effect of the offer of judgment, the motion to strike is ripe for adjudication.").

### A. Threat of Liability for Defendants' Attorneys' Fees

Defendants' Offer of Judgment states that if it "is not accepted within 14 days of the date it is served on Plaintiffs, and any judgment that Plaintiffs finally obtain is not more favorable than the offer, Plaintiffs shall not receive attorneys' fees or other costs incurred in this action from the date of this offer. Additionally, Plaintiffs shall be obligated to pay all costs incurred by Defendant after service of this offer, <u>including Defendant's attorneys' fees</u> and costs."

In their response to the Motion to Dismiss, Plaintiffs' specifically questioned the propriety of the attorneys' fees language in Defendant's Offer. Although the Defendants' have subsequently filed two additional briefs in support of their motion, they have not addressed this issue. The Defendants' have not offered any legal authority or argument to support their characterization of the law regarding attorneys' fees; nor have they provided any rationale for the inclusion of this language in the offer that was sent to Plaintiffs.

Defendants' counsel has entered appearances for seven different attorneys on this case, and their fees may well amount to hundreds of thousands of dollars. It is extremely coercive to suggest to the Plaintiffs' that failure to accept a settlement offer may result in the imposition of liability for hundreds of thousands of dollars. The Offer should be struck because this language has the potential to exert a continuing coercive effect on Plaintiffs going forward. Plaintiffs anticipate further settlement negotiations, and should not have to engage in such negotiations

under the threat that continuing with the litigation may expose them to liability for Defendants' rapidly accruing attorneys' fees or costs.

The Defendants' should not be allowed to use the Rule 68 process to make improper threats, and then continue to benefit from those threats unless and until the Defendants choose to file a motion for costs post-litigation.

**B. Defendants' Offer Subverts the Individual Liability Provisions of the FLSA**

Defendant's Offer was also limited to an entry of judgment against the corporate defendant in this case. Defendants cite *Stanczyk v. City of New York*, 752 F.3d 273 (2014) for the proposition that an offer need not name all Defendants; however, the reasoning in that case is inapplicable here. The defendants in *Stanczyk* included New York City and several police officers, and the offer was to have judgment entered against the City. There was no possibility that New York City would close up shop and reopen the next day as a different entity. The same cannot be said for Elite Force Staffing, Inc. A judgment against a corporation is decidedly not "comparable to" a judgment for which both the corporation and its individual owner are held jointly liable. Indeed, the primary purpose of establishing a closely held corporation is often to shield the owner against personal liability.

Plaintiffs do not contend that a valid a Rule 68 offer must offer to have judgment entered against any and every defendant that a Plaintiff name. But, where a statute, such as the FLSA, explicitly creates an exception to the ordinary rule of limited liability for corporate owners, these owners should not be allowed to evade this liability through the Rule 68 process. Allowing individual business owners to do so by offering to have judgment entered against business entities they control would subvert Congress's clear intent in drafting the individual liability sections of the FLSA.

4

### C. Extraneous Demands and Conditions

Defendants further argue that the Offer of Judgment does not contain extraneous demands that render it ambiguous and therefore invalid. The Offer does contain extraneous language relating to the effect of the judgment on subsequent proceedings. If this language does not, as Defendants claim, require Plaintiffs to take or refrain from any action, and does not place conditions on the offer, then the language should not be included in the offer, because it interferes with the Plaintiffs' ability to "know unequivocally what is being offered." *Simmons v. United Mortgage & Loan Inv. LLC.,* 634 F.3d 754 (4th Cir. 2011). There is no merit to Defendants' argument that if the judgment is entered, Plaintiffs are not bound by the terms of the judgment. Extraneous legal assertions about the validity of the judgment in future proceedings have no place in a valid Offer of Judgment.

### CONCLUSION

For the reasons set forth above, Plaintiffs move that the Court strike the Defendant Elite Force Staffing, Inc.'s Offer of Judgment.

Date: June 19, 2015

> Respectfully Submitted,
>
> **ROBERT HUMPHRIES and**
> **JEFFREY LIU**
> By Counsel

ASHCRAFT & GEREL, LLP


\_\_\_\_\_/s/_____
Virginia R. Diamond, VSB #20992
Ashcraft & Gerel, LLP
4900 Seminary Road
Suite 650
Alexandria, VA 22311
703-931-5500
703-820-0630 (facsimile)
Counsel for Plaintiffs

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 19, 2015, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to the following:

>Brian A. Richardson, Esquire (VSB No.: 68582)
>McCandlish Holton
>1111 East Main Street, Suite 1500
>P.O. Box 796
>Richmond, VA 23218
>Telephone: (804) 775-3100
>Facsimile: (804) 775-3800
>brichardson@lawmh.com
>
>Jimmy F. Robinson, Jr.
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>Riverfront Plaza – West Tower
>901 East Byrd Street, Suite 1300
>Richmond, Virginia 23219
>Telephone: (804) 663-2336
>Facsimile: (804) 225-8641
>Jimmy.robinson@ogletreedeakins.com
>Counsel for Defendants

_____/s/_____
Virginia R. Diamond