IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROBERT HUMPHRIES, *et al.*, )
    Plaintiffs, )
     )
v. ) Civil Action No. 3:15CV112 (RCY)
     )
ELITE FORCE STAFFING, INC., *et al.*, )
    Defendants. )
_____)

## MEMORANDUM OPINION

Plaintiffs Robert Humphries, Jeffrey Liu, and Kevin O'Hara (collectively "Plaintiffs") bring this suit—on behalf of themselves and all other similarly situated individuals—under the Fair Labor Standards Act ("FLSA") against Elite Force Staffing, Inc. ("Elite Staffing") and Steven W. Worrell ("Mr. Worrell") (collectively "Defendants"). Plaintiffs, former temporary employees of Elite Staffing, allege that Defendants illegally withheld overtime pay by structuring Plaintiffs' wages as "time and a half." Plaintiffs bring this action on behalf of themselves and a putative class of employees also allegedly harmed by Defendants. The "Proposed FLSA Collective Action" has not yet been certified, and Defendants have moved to dismiss this action on the basis that this Court lacks jurisdiction. Defendants specifically argue that this Court lacks jurisdiction because Defendants presented Plaintiffs with a valid Rule 68 Offer of Judgment ("Defendants' Offer"), thus mooting any claims that Plaintiffs had. Plaintiffs counter that Defendants' Offer was not valid[1] under Rule 68 and, therefore, that their claims were not rendered moot by Defendants' Offer. Accordingly, Plaintiffs argue that this Court retains jurisdiction over Plaintiffs' claims.

This matter is now before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiffs' Complaint (Defs.' Rule

---

[1] For purposes of this Opinion, references to the "validity" or "invalidity" of Defendants' Offer are made solely with regard to whether or not Defendants' Offer is "valid" such that it would render Plaintiffs' claims moot.

12(b)(1) Mot. to Dismiss Pls.' Compl. ("Defs.' Mot. to Dismiss"), ECF No. 19). Defendants' Motion to Dismiss has been fully briefed and is ripe for review. Having considered the parties submissions, and finding it appropriate to do so, the Court DENIES Defendants' Motion to Dismiss (ECF No. 19) for the reasons set forth below.

## I. BACKGROUND

### A. Plaintiffs' Employment

Elite Staffing operates as a temporary staffing agency that "provid[es] workers to construction contractors at various locations and projects on an as-needed basis." (Collective Action Compl. – Fair Labor Standards Act ("Compl."), ECF No. 1 ¶ 11.) Mr. Worrell is Elite Staffing's owner, president, and director. (Compl. ¶ 8.) Each named Plaintiff worked for Defendants for temporary periods and varying lengths of time between October 2013 and January 2015. (*See* Compl. ¶¶ 29-43.)

Plaintiffs allege that, during the course of their employment, Defendants paid Plaintiffs under a "Split Pay System," which Plaintiffs describe as follows. (Compl. ¶¶ 23-27.) Plaintiffs specifically allege that Defendants split Plaintiffs' paychecks into a Tax Portion and a Non-Tax Portion. (Compl. ¶ 23.) Plaintiffs allege that federal and state taxes were withheld from the Tax Portion, whereas there were no withholdings from the Non-Tax Portion. (Compl. ¶ 25.) For overtime hours, Plaintiffs allege that this Split Pay System resulted in Plaintiffs being paid at one and on-half times their regularly hourly rate on the Tax Portion of their paychecks, but only "straight time" on the Non-Tax Portion of their paychecks. (Compl. ¶ 26.) Throughout their Complaint, Plaintiffs bring claims for unpaid overtime compensation based on approximate regular hours worked and approximate overtime hours worked. (Compl. ¶¶ 30, 31, 33, 34, 37, 39, 41, 43.)

### B. Plaintiffs' Allegedly Underpaid Overtime Work

Mr. O'Hara alleges that, from October to November 2013, he "accru[ed] *approximately* 80 hours of overtime." (Compl. ¶ 30.) Mr. O'Hara further alleges that, from March to April 2014, he "accru[ed] *approximately* 16 hours of overtime." (Compl. ¶ 33.) Due to Defendants' allegedly illegal Split Pay System, Mr. O'Hara alleges that he "is owed *approximately* $480 in unpaid overtime wages" for his work in 2013 and "*approximately* $72 in unpaid overtime wages" for his work in 2014. (Compl. ¶¶ 30-31, 33-34 (emphasis added).)

Mr. Liu alleges that, in January 2015, he "accru[ed] *approximately* 12.5 hours of overtime." (Compl. ¶ 37 (emphasis added).) Due to Defendants' allegedly illegal Split Pay System, Mr. Liu alleges that he "is owed *approximately* $62.50 in unpaid overtime wages." (Compl. ¶ 39 (emphasis added).)

Mr. Humphries alleges that, in January 2015, he "accru[ed] *approximately* 12.5 hours of overtime." (Compl. ¶ 41 (emphasis added).) Due to Defendants' allegedly illegal Split Pay System, Mr. Liu alleges that he "is owed *approximately* $62.50 in unpaid overtime wages." (Compl. ¶ 43 (emphasis added).)

While Plaintiffs allege approximate damages based on approximations of the overtime hours they worked, Plaintiffs specifically allege that "[t]he exact amount of hours worked by and wages owed to Plaintiffs and similarly situated individuals will only be known through discovery." (Compl. ¶ 20.)

### C. Defendants' Rule 68 Offer of Judgment

Defendants argue that "Plaintiffs' Complaint allege[s] specific monetary damages . . . based on alleged overtime hours." (Defs.' Mem. Supp. Mot. Dismiss Pls.' Compl. ("Defs.' Mem. Supp."), ECF No. 20 at 3.)

On May 13, 2015, Defendants made a Rule 68 Offer of Judgment ("Defendants' Offer") to Plaintiffs.[2] In the Offer, Defendants offered to pay Mr. O'Hara $1,110.00; to pay Mr. Liu $130.00; and, to pay Mr. Humphries $130.00. (Defs.' Mem. Supp. Ex. A ("Offer"), ECF No. 20-1 ¶¶ 1-3.) Defendants also offered to pay Plaintiffs' reasonable costs, attorneys' fees, and prejudgment interest in an amount to be determined by the Court. (Offer ¶ 4.) In exchange for these payments, Defendant Elite Staffing offered "to allow judgment to be taken against it for all pending claims in the above styled action for the full amount claimed by Plaintiffs, including wages, liquidated damages, costs, prejudment interest, and attorneys' fees." (Offer at 1.)

Defendants intended the Offer to resolve the claims raised by Plaintiffs, but not to be "an admission that Defendants are liable in this action to Plaintiffs or any other person or as an admission that Plaintiffs or any other person has suffered any damages as alleged." (Offer ¶ 8.) The Offer also provided that it would "have no preclusive effect against Defendants regarding the matters alleged by Plaintiffs." (Offer ¶ 8.) Finally, the Offer provided that it "shall not constitute adjudication on the merits" and that it "shall not operate as *res judicata* or collateral estoppel against Defendants in any lawsuit, arbitration, administrative proceeding, government action, or other proceeding." (Offer ¶ 9.)

Under the terms of the Offer, Plaintiffs had until May 27, 2015, to respond. (Offer ¶¶ 6-7.) On May 26, 2015, Plaintiffs rejected the Offer. (Opp'n to Defs.' Mot. to Dismiss and Mot. to Strike Def.'s Rule 68 Offer of Judgment Ex. A ("Pl.'s Rejection Letter"), ECF No. 23-1 at 1-2.) On May 28, 2015, Defendants moved to dismiss Plaintiffs' Complaint on the grounds that their individual and collective claims were rendered moot by the Offer, despite Plaintiffs' rejection of the Offer.

---

[2] The Court notes that Plaintiffs argue that the Offer was only made by Defendant Elite Staffing, rather than both Defendants collectively. (*See* Pls.' Opp'n., ECF No. 23 at 5.) However, because the Court finds that the Offer was invalid due to its incompleteness in the face of the currently approximate nature of Plaintiffs' alleged damages, the Court need not decide whether the Offer was brought by one or both Defendants or the efficacy of such a Rule 68 offer that was hypothetically otherwise valid.

4

(Defs.' Mot. to Dismiss at 1; *see* Defs.' Mem. Supp. Mot. to Dismiss Pls.' Compl. ("Defs.' Mem. Supp."), ECF No. 20 at 1, 4-7.) Plaintiffs respond by arguing that Defendants' Offer cannot serve to moot their claims because the Offer was not unequivocal and was not a "complete offer of relief." (Opp'n to Defs.' Mot. to Dismiss and Mot. to Strike Def.'s Rule 68 Offer of Judgment ("Pls.' Opp'n."), ECF No. 23 at 2-6.)

## II. STANDARD OF REVIEW

Federal courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapatah Servs. Inc.*, 545 U.S. 546, 552 (2005). They only possess jurisdiction as authorized by the U.S. Constitution or federal statute. *Bowles v. Russell*, 551 U.S. 205, 211 (2007). Federal courts specifically lack jurisdiction over moot claims as their jurisdiction is limited to actual cases and controversies. *Simmons v. United Mortg. & Loan Invs.*, 634 F.3d 754, 763 (4th Cir. 2011) (citation omitted). A party, or a federal court by its own initiative, may object that the court lacks subject matter jurisdiction "at any stage of the litigation, even after trial and entry of judgment." Fed. R. Civ. P. 12(b)(1); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 506-07.

When the defendant makes a facial challenge to subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

When the defendant challenges the factual predicate of subject matter jurisdiction, the plaintiff is afforded less procedural protection. *Id.* at 193. The court "may then go beyond the

5

allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations... [and] may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one of summary judgment." *Adams*, 697 F.2d at 1219. The plaintiff bears the burden of establishing subject matter jurisdiction beyond a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

### III. ANALYSIS

Defendants have moved to dismiss Plaintiffs' Complaint on the grounds that the Court lacks subject matter jurisdiction over both Plaintiffs' individual claims and their collective action claim. (Defs.' Mem. Supp. at 4-7.) Defendants argue that Plaintiffs' claims are moot because the Offer served to extinguish any live dispute, and therefore any case or controversy, among Defendants and Plaintiffs. (Defs.' Mem. Supp at 5.) Plaintiffs argue that the Offer did not render their claims moot because the Offer failed to offer Plaintiffs complete relief. (Pls.' Opp'n at 3.) Plaintiffs specifically argue that their Complaint only alleged approximate damages; that Defendants' Offer was predicated on these approximate values; and that, without discovery, Defendants' Offer "is invalid because there is no way for Plaintiffs to know whether or not they are receiving full relief." (Pls.' Opp'n at 3.) For the reasons discussed below, the Court agrees with Plaintiffs.

#### A. Mooting Effect of a Valid Offer of Judgment

Defendants correctly argue that a valid offer of judgment—one that offers a plaintiff the *full* relief sought—moots a plaintiff's claim, even where that plaintiff rejects the offer. In the Fourth Circuit, "[w]hen a Rule 68 offer unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citations omitted) (internal quotation marks omitted). Accordingly, even "[w]hen an individual plaintiff rejects a defendant's complete Rule 68 offer of judgment, that plaintiff no longer has a 'stake in the outcome' and there is no longer a justiciable case or controversy."

*Milbourne v. JRK Residential Am., LLC*, No. 3:12CV861, 2014 WL 1369378, at *3 (E.D. Va. Apr. 7, 2014) (citing *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986)); *see also Fariasantos v. Rosenberg & Assocs., LLC*, No. 3:13CV543, 2015 WL 868090, at *2 (E.D. Va. Fed. 27, 2015) ("This theory is not based on the idea that the plaintiff actually obtained the full amount of damages pled, but rather that the plaintiff '*could have obtained* through acceptance of the offer all that he could have hoped to obtain through litigation.'" (citing *Amrhein v. Regency Mgmt. Servs., LLC*, No. SKG-13-1114, 2014 WL 1155356, at * 5 (D. Md. Mar. 20, 2014))). Moreover, the Supreme Court has held that, for claims under the FLSA, "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (holding that, prior to the filing of a motion for conditional certification, the mooting of plaintiff's individual claims served to moot plaintiff's putative collective action claims). In short, controlling law in the Fourth Circuit clearly holds that a valid Rule 68 offer of judgment will render a plaintiff's claims moot. *See Warren*, 676 F.3d at 371.

Nonetheless, as this Court has previously stated, "courts have been increasingly reticent to adopt or extend this theory in the wake of Justice Kagan's dissent in *Genesis Healthcare Corp.*" *Fariasantos*, 2015 WL 868090, at *2. In *Genesis Healthcare Corp.*, the Supreme Court noted a circuit split as to whether a valid Rule 68 offer of judgment renders a plaintiff's claim moot. *Genesis Healthcare Corp.*, 133 S. Ct. at 1528-29. However, the majority did not ultimately resolve the circuit split, as the issue was not properly before the Court on appeal. *Id.* The four-justice dissent, however, emphatically wrote that an unaccepted offer of judgment cannot render a plaintiff's claims moot and further suggested that the courts of appeals "[r]ethink [the] mootness-by-unaccepted-offer theory." *Genesis Healthcare Corp.*, 133 S. Ct. at 1533-34 (Kagan, J., dissenting). Regardless of the dissent's position in *Genesis Healthcare Corp.* and the reluctance of

7

district courts to extend the "mootness-by-unaccepted-offer theory," that theory is still controlling law in the Fourth Circuit. It is not within this Court's province to decide whether this theory is still good law. *See Fariasantos*, 2015 WL 868090, at *2.

This Court, however, may determine the validity of Defendants' Offer and, accordingly, whether it renders Plaintiffs' claims moot. For the reasons discussed below, the Court finds that Defendants' Offer is not valid as it does not offer Plaintiffs full relief. Therefore, even assuming the continued validity of the rule set forth in *Warren*, the Court finds that Defendants' Offer has not rendered Plaintiffs' claims moot.

### B. "Invalidity" of Defendants' Offer of Judgment

Plaintiffs argue that Defendants' Offer of Judgment is invalid "because there is no way for Plaintiffs to know whether or not they are receiving full relief." (Pls.' Opp'n at 3.) Accordingly, Plaintiffs argue that Defendants' Offer has not rendered this action moot. (Pls.' Opp'n at 3.) Defendants assert that their Offer has rendered this action moot because it offered Plaintiffs the full relief they requested in their Complaint. (Defs.' Mem. Supp. at 3, 5-6.)

#### i. Definition of Full Relief

As discussed above, "[w]hen a Rule 68 offer unequivocally offers a plaintiff *all the relief she sought to obtain*, the offer renders the plaintiff's action moot." *Warren*, 676 F.3d at 371 (citing *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)) (emphasis added). This theory is based on the idea that a plaintiff "*could have obtained* through acceptance of the offer *all that he could have hoped to obtain* through litigation." *Amrhein*, 2014 WL 1155356, at * 5 (second emphasis added). In determining whether a defendant has offered a plaintiff "all the relief she sought to obtain," courts have looked to "specific demands" in the complaint and specific damages quantified following discovery. *See Warren* 676 F.3d at 372 (collecting cases); *see also, e.g.*,

*Amrhein*, 2014 WL 1155356, at *6 (noting that a full offer of all specifically demanded damages will render a plaintiff's claim moot).

These analyses contemplate that only the rejection of a Rule 68 offer that completely offers a specific sum of damages, the ceiling of which is either explicitly enunciated in a complaint's prayer for relief or determined through discovery, will moot a claim. On the contrary, where a plaintiff has not prayed for specific damages—and the court is therefore unable to hold that a defendant's offer provides the complete relief sought—a Rule 68 offer of judgment cannot moot a claim. *See Amrhein*, 2014 WL 1155356, at * 8.

### ii. Relief Sought by Plaintiffs

Here, Plaintiffs argue that they are unable to know whether Defendants' Offer provides them full relief. (Pls.' Opp'n at 3.) At this early stage in the litigation, the Court agrees with Plaintiffs. In their Complaint, Plaintiffs do allege particular dollar amounts for unpaid overtime wages that they are allegedly owed. (Compl. ¶¶ 31, 34, 39, 43.) Plaintiffs also requested that the Court grant liquidated damages in an "equal amount" to "unpaid overtime wages." (Compl. at 9.) Throughout their Complaint, however, Plaintiffs repeatedly allege that these particular dollar amounts are "approximate" and that they are based on "approximate" hours worked. (Compl. ¶¶ 30, 31, 33, 34, 37, 39, 41, 43.) Moreover, Plaintiffs specifically allege that "[t]he exact amount of hours worked by and wages owed to Plaintiffs and similarly situated individuals *will only be known through discovery*." (Compl. ¶ 20 (emphasis added).)

Throughout their Complaint, therefore, Plaintiffs consistently maintained that they do not at present know the full amount of allegedly unpaid overtime wages that they are allegedly owed. Indeed, in their Prayer for Relief, Plaintiffs do not provide specific figures for damages, but rather ask the Court to "[a]ward Plaintiff and all similarly situated individuals: unpaid overtime wages, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216." (Compl. at 9.) In short,

Plaintiffs have specifically alleged that they do not know the extent of their potential "full relief" and that they cannot know the extent without proceeding through discovery.

### iii. Defendants' Offer of Judgment

Regarding damages, Defendants offered to pay Mr. O'Hara $1,110.00; to pay Mr. Liu $130.00; and, to pay Mr. Humphries $130.00. (Offer ¶¶ 1-3.) Defendants calculated these figures by roughly doubling the approximate figures given in Plaintiffs' Complaint. (*See* Defs.' Mem. Supp. at 3.) Defendants argue that these values are "more than [each Plaintiff's] maximum recovery as identified in the Complaint," because they are the summations of specifically identified values and potential liquidated damages. (*See* Defs.' Mem. Supp. at 3.)

### iv. Defendants' Offer of Judgment Does Not Offer Full Relief

The Court finds that Defendants have not offered Plaintiffs "all the relief [they] sought to obtain." *Warren*, 676 F.3d at 371 (citation omitted). Whereas Defendants offered to pay certain fixed sums based on approximate figures in Plaintiffs' Complaint, the face of Plaintiffs' Complaint specifically indicates that Plaintiffs contemplate damages beyond those approximately raised in their Complaint. Indeed, Plaintiffs explicitly state that the amount of overtime they worked, and accordingly the amount of overtime wages they are allegedly owed, can "only be known through discovery." (Compl. ¶ 20.)

While Plaintiffs have presented approximate figures in their Complaint, the Court cannot consider this to be a case wherein Plaintiffs have made "a specific demand" for unpaid overtime wages. *Milbourne*, 2014 WL 1369378, at *3 (citing *Warren*, 676 F.3d at 372). As noted above, Plaintiffs allege that discovery is necessary to determine the extent of their alleged damages. (Compl. ¶ 20.) Moreover, Plaintiffs consistently refer to their alleged overtime hours and alleged damages in "approximate" terms. (Compl. ¶¶ 30, 31, 33, 34, 37, 39, 41, 43.) Finally, in their Prayer for Relief, Plaintiffs do not ask the court to award a specific amount of damages. Rather,

Plaintiffs ask simply for "unpaid overtime wages[] and an equal amount as liquidated damages." (Compl. at 9.) The Court finds the facts of the instant case analogous to those in *Milbourne*. *Milbourne* dealt with an "unspecified demand for actual damages" under the Fair Credit Reporting Act, which does not establish a cap for actual damages. *See Milbourne*, 2014 WL 1369378, at *3. In the instant case, Plaintiffs have alleged approximate damages based on approximate overtime hours worked. They have not alleged a specific, concrete amount of damages. Rather, Plaintiffs have explicitly stated that discovery is necessary to determine the full extent of their alleged damages. (Compl. ¶ 20.)

Because Plaintiffs' demands are approximate, rather than specific, "it is not possible to ascertain (certainly not on a facial challenge to jurisdiction) whether [Defendants'] offer is complete for Rule 68 purposes." *Milbourne*, 2014 WL 1369378, at *3 (citing *Warren*, 676 F.3d at 372 n. 4) (denying the defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction). Therefore, "at this stage in the proceedings, particularly before any formal discovery has taken place or the parties have agreed upon the scope of Plaintiffs' alleged damages, the Court simply cannot hold that the . . . Plaintiffs could not possibly recover more than Defendants' Rule 68 offer[]." *Amrhein*, 2014 WL 1155356, at * 8 (finding that a Rule 68 offer did not moot the plaintiffs' claims); *see Warren*, 676 F.3d at 372 ("[A]t this stage of the proceedings, before any evidentiary hearing or judicial fact finding . . . [the Court] simply cannot hold that [the plaintiff] could not possibly recover more than [the amount offered in the defendant's Rule 68 offer of judgment] if her case proceeded to a jury trial.") Accordingly, the Court finds that Defendants' Offer does not offer full relief to Plaintiffs and, therefore, that Defendants' Offer has not rendered Plaintiffs' claims moot.

## IV. CONCLUSION

Plaintiffs did not demand specific damages in their Complaint. Rather, they alleged approximate figures and explicitly made a Prayer for Relief that was unbounded by those approximate figures. Therefore, Defendants' Offer—which is based on Plaintiffs' approximately alleged damages—does not offer the full relief to which Plaintiffs are possibly entitled at trial. Accordingly, Defendants' Offer cannot render Plaintiffs' claims moot. Therefore, the Court DENIES Defendants' Rule 12(b)(1) Motion to Dismiss Plaintiffs' Complaint (ECF No. 19).

An appropriate Order shall issue.

Let the Clerk file this Opinion electronically and notify all counsel accordingly.

/s/ Roy

Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: 6/24/2015